RECEIVED
FEB 2 2 2012
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| REBECCA A. CONCIENNE | CIVIL ACTION NO. 10-1547 |
| VERSUS | JUDGE DOHERTY |
| MORGAN CITY HARBOR AND TERMINAL DISTRICT AND JERRY L. HOFFPAUIR | MAGISTRATE JUDGE HANNA |

## MEMORANDUM RULING

Pending before this Court is the Motion for Summary Judgment [Doc. 20] filed by defendants Morgan City Harbor and Terminal District and Jerry L. Hoffpauir ("defendants"). The motion is opposed by plaintiff Rebecca A. Concienne [Doc. 55], and defendants have filed Motion for Leave to File Reply Brief [Doc. 23], which is DENIED AS MOOT. For the following reasons, the motion for summary judgment is DENIED AS PREMATURE, as this Court cannot determine the specific claims the plaintiff has pled in this matter.

The foregoing ruling is made without regard to the merits of the defendants' motion. Indeed, the defendants appear to have made their best attempts to determine what claims were pled by the plaintiff. However, the defendants' task is somewhat complicated by the fact that the plaintiff filed a *pro se* petition in state court, which petition is crafted in outline form and which fails to set forth the basis in law for the claim(s), fails to set forth the specific factual basis of each alleged claim, and fails to specifically indicate what remedy is sought for each alleged claim. Although the plaintiff did include specific facts in her petition to support her allegations, many of the facts alleged are not tied to any particular claim.[1] Furthermore, although it appears the plaintiff retained counsel after the

---

[1] As this Court notes in the body of this ruling, no specific statutory, codal or jurisprudential basis in law for any claim is specifically alleged.

matter was removed to this Court, and although her attorney filed a Supplemental and Amended Complaint, the Supplemental and Amended Complaint merely adds additional claims and does not attempt to clarify the "claims" that were pled by the plaintiff in her *pro se* petition. Considering the foregoing, this Court cannot determine which specific claims have been pled by the plaintiff in this matter,[2] nor, it seems can defendant.

It is unclear to this Court whether Rule 7(a)[3] of the Federal Rules of Civil Procedure might apply in this matter to require the plaintiff to more particularly allege her claims. The Fifth Circuit set out its approach to Rule 7(a) replies in *Schultea v. Wood*:

> When a public official pleads the affirmative defense of qualified immunity in his answer, the district court may, on the official's motion or on its own, require the plaintiff to reply to that defense in detail. By definition, the reply must be tailored to the assertion of qualified immunity and fairly engage its allegations. A defendant has an incentive to plead his defense with some particularity because it has the practical

---

[2] Although defendants' motion seeks dismissal of several articulated claims and purported legal bases for the claims, it is clear the defendants are making assumptions as to the specific claims pled by the plaintiff, as the plaintiff has nowhere provided a legal basis for any claim alleged, except the §1983 claim alleged in her Supplemental and Amended Complaint.

[3] Rule 7(a) states:

**Rule 7. Pleadings Allowed; Form of Motions and Other Papers**

    **(a) Pleadings.** Only these pleadings are allowed:

        **(1)** a complaint;

        **(2)** an answer to a complaint;

        **(3)** an answer to a counterclaim designated as a counterclaim;

        **(4)** an answer to a crossclaim;

        **(5)** a third-party complaint;

        **(6)** an answer to a third-party complaint; and

        **(7)** if the court orders one, a reply to an answer.

Fed.R.Civ.P. 7(a).

effect of requiring particularity in the reply. The Federal Rules of Civil Procedure permit the use of Rule 7 in this manner.

47 F.3d 1427, 1433 (5th Cir.1995). The purpose of the Rule 7(a) reply is to require the plaintiff to satisfy the heightened pleading standards applicable to claims implicating immunity defenses. Although a plaintiff need not anticipate such a defense, the district court in its discretion may require the plaintiff to submit a Rule 7(a) reply in response to an immunity defense before embarking on potentially costly discovery and litigation. By requiring a Rule 7(a) reply, the district court can be assured that plaintiff has adequately alleged facts in support of claims sufficient to pass the pleading stage.

In the instant case, this Court notes the case is clearly past the pleadings stage. Additionally, it is unclear to this Court whether individual defendant Jerry L. Hoffpauir is a public official[4] and, if so, whether he has been sued in his individual or official capacity only, as neither the Petition nor the Supplemental and Amended Complaint clarify the foregoing. It is also unclear whether Mr. Hoffpauir has invoked the affirmative defense of qualified immunity. Indeed, in his Answer, Mr. Hoffpauir asserts:

### FOURTH DEFENSE

> Without admitting that any of the alleged acts did occur, and specifically denying same, to the extent that Plaintiff claims that she was injured during the course and scope of her employment, such claims in tort fall within the exclusive provisions of the applicable workers' compensation law, and therefore Plaintiff is barred from asserting such claims, *and Hoffpauir is <u>immune from any and all liability for same.</u>*[5]

---

[4] The plaintiff worked for the Morgan City Harbor and Terminal District, which operates the Port in Morgan City, Louisiana. The entity was created as a political subdivision by the State of Louisiana in 1952. The District's Board consists of nine commissioners, who are appointed by the City of Morgan City, the Town of Berwick, and the St. Mary Parish government. Defendant Hoffpauir is the District's Executive Director.

[5] *See* "Defendant Jerry L. Hoffpauir's Answer to Complaint," Doc. 3, p.2 (emphasis added).

Thus, it is unclear to the Court whether the reference to immunity in the foregoing paragraph relates solely to immunity on the basis of the workers' compensation bar, or whether qualified immunity is invoked. Nevertheless, if Mr. Hoffpauir is a public official; if he was sued in his individual capacity; and if he invoked the defense of qualified immunity, this Court believes a Rule 7(a) Reply should have been ordered.

However, even if Rule 7(a) does not apply to this matter, this Court has the inherent power to order the plaintiff to clarify her claims, as this Court cannot determine whether the defendants are entitled to the relief they request in their motion for summary judgment, which seeks dismissal of several articulated "claims" alleged by the plaintiff, without knowing with certainty what specific claims have been pled and neither party is able, nor has either party carried their respective burden as to the motion before this Court.

Considering the foregoing, it is ORDERED that the Motion for Summary Judgment [Doc. 20] filed by defendants Morgan City Harbor and Terminal District and Jerry L. Hoffpauir ("defendants") is DENIED AS PREMATURE.[6]

It is further ORDERED that, on or before March 5, 2012, the plaintiff shall file an outline of all claims pending in this lawsuit in accordance with the Outline Requirements attached to the Memorandum Ruling as Attachment "A." Defendants are to respond in accordance with the instructions contained in the Outline Requirements attached to the Memorandum Ruling as Attachment "A" on or before March 14, 2012.

Thereafter, should the defendant wish to re-urge a motion for summary judgment or their

---

[6] Again, this Court makes no determination, whatsoever, as to the possible merits or lack thereof as to defendants' motion, or plaintiff's claims. Rather, this Court finds neither has carried its burden as to the motion filed.

dispositive motion, such motion shall be filed no later than March 28, 2012. Any response to the motion shall be filed on or before April 16, 2012.

The foregoing posture of the case necessarily mandates a continuance of the April 30, 2012 trial date. Considering the foregoing, both the April 17, 2012 pre-trial conference date and the April 30, 2012 trial date are UPSET. It is ORDERED that within 15 days of the Court's ruling on whatever dispositive motion is filed by the parties, or within 5 days after the deadline for such filing should defendants chose not to file a motion, counsel shall jointly contact this Court for the purpose of resetting the deadlines and the matter for trial, or discussing what, if any, claims remain before this Court.

THUS DONE AND SIGNED in Lafayette, Louisiana this __22__ day of February, 2012.

_____
REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

# (FOR USE IN BENCH TRIALS)
# OUTLINE REQUIREMENTS

      On or before _____, plaintiff(s) shall provide all counsel with an outline of claims.[1] Plaintiff's outline will specifically identify each and every claim plaintiff intends to assert (*i.e.*, unlawful retaliation in violation of Title VII; breach of contract, negligence etc.). After identifying his first claim, the plaintiff will identify the basis in law (*i.e.* statutory, jurisprudential or contract) upon which the claim is founded, together with any pertinent jurisprudential gloss on the applicable law. Plaintiff must then list all elements required to prove that claim (*i.e.* duty, breach, etc.). Next, plaintiff is to identify specifically each and every remedy he seeks to recover if he succeeds in proving the merits of his claim (*i.e.* punitive damages, attorney fees, etc.). As to each remedy, the plaintiff will again identify the basis in law, together with any applicable jurisprudential gloss. Each reference or citation to a statute must be cited to the specific language upon which plaintiff relies and its location. Plaintiff is then to list a <u>very</u> brief recitation of the facts that he will use to prove that claim. Plaintiff is to then list each witness he intends to call in support of that claim and a <u>very</u> brief synopsis of their anticipated testimony. He is also to list any evidence he will submit in support of that claim. Next plaintiff is to list his second claim and provide all of the information above, following the same format. He is to do this for each and every claim he is bringing before this Court.

      ANY CLAIM NOT INCLUDED ON THE OUTLINE DESCRIBED HEREIN SHALL BE DEEMED WAIVED AND ABANDONED. HOWEVER, THE OUTLINE MAY NOT BE USED AS A TOOL TO EXPAND THE CLAIMS IDENTIFIED IN THE COMPLAINT.

      On or before _____, defendant(s) shall provide all counsel with an outline containing: (a) specific responses to plaintiff's outline; and (b) any affirmative defenses he is asserting. As to the specific responses, defendant shall, with regard to each claim, set forth each and every element of his response to the claim. For instance, if defendant agrees that a specific claim asserted by plaintiff presents a viable theory in law, but disagrees the facts of this particular case permit plaintiff to recover under that theory, he is to so state and include any evidence and/or argument in support of his position. If defendant does not agree with any statement of law or fact, he is to respond with the same level of specificity and detail required of the plaintiff as described in the above paragraph. In addition to responding to plaintiff's claims and assertions, defendant shall identify each and every affirmative defense he intends to assert in response to plaintiff's claims. With regard to these defenses, defendant is to provide the same type of information and level of detail required by plaintiff as described in the foregoing paragraph. Defendant is to follow plaintiff's format as closely as possible for ease of reference for all parties and the Court, unless doing so would prejudice defendant.

      ANY AFFIRMATIVE DEFENSES NOT INCLUDED IN THE OUTLINE DESCRIBED HEREIN SHALL BE DEEMED WAIVED AND ABANDONED.

---

[1] This requirement applies to all counterclaims, cross-claims, third party claims, and interventions. The parties shall state whether they have stipulated to any intervention.

Attachment "A"